UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SERGIO REYES PINA,<br><br>　　　　　Defendant. | CASE NO. CR21-108 RSM<br><br>ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER |

　　This matter comes before the Court on Defendant Sergio Reyes Pina's Motion for Revocation of Detention Order. Dkt. #386. The Court has determined that oral argument is unnecessary.

　　On June 23, 2021, the Grand Jury indicted nine defendants in this case including Sergio Reyes Pina on one count of conspiracy to distribute controlled substances. The Defendant was initially detained on the pending charge, after U.S. Magistrate Judge Vaughan found that he posed both a risk of flight and danger to the community. Dkt. #78. On August 2, 2021, Judge Vaughan reopened the Defendant's detention hearing and released him on bond, over the Government's objection. *See* Dkts. #95, #117, and #119.

　　The Defendant largely complied with the conditions of his bond for the rest of 2021 and the first few months of 2022. Starting in April 2022, the Defendant began to violate the

ORDER – 1

conditions of his bond by failing to report for urinalysis testing and using drugs. *See* Dkts. #280, #289, #358, and #361.

On August 19, 2022, Magistrate Judge Vaughan held a hearing on some of these violations and warned about the potential consequences. Dkt. #396.

On September 12, 2022, the Defendant pled guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846. Dkt. #298.

Subsequently, the Defendant tested positive for marijuana on October 26, October 31, and November 15, 2022. Dkt. #361. When confronted with these results, the Defendant said to the Pretrial Services Officer that he had last used marijuana in mid-October and that all of the later results were residual. Dkt. #396 at 4. A quantitative analysis later confirmed that the Defendant's positive urine samples were not residual but, rather, from continued marijuana use. *Id.* at 4–5.

At a bond revocation hearing on December 16, 2022, the Defendant admitted to using marijuana in October and November. Dkt. #369. Magistrate Judge Vaughan revoked bond, noting that the Defendant's noncompliance had increased and that his failure to be truthful with his probation officer placed the community at danger. Dkt. 396 at 5. The Defendant filed a motion to reconsider, which the Court construed as a motion to reopen the detention issue. After finding that the presumption of detention in 18 U.S.C. § 3143(a)(2) applied to the Defendant because he had pled guilty to an enumerated drug offense, the Court denied the motion for reconsideration. *Id.* at 7–8. In the order denying the motion, the Court noted that the "true concern" that led the Court to revoke his bond was not his drug use. *Id.* Rather, it was his

ORDER – 2

decision to lie to his probation officer "in the face of repeated warnings from the Court that strict compliance and truthfulness with his probation officer was essential." *Id*.

The instant Motion followed.

An appeal of a Magistrate Judge's detention order is governed by 18 U.S.C. § 3145(b), which provides that "[i]f a person is ordered detained by a Magistrate Judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir. 1990). In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. § 3142(f). The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).

The Bail Reform Act identifies four factors that a court should consider in analyzing a detention motion: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . .; and (4) the nature and seriousness of the

ORDER – 3

danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

The Court agrees with the Government and Judge Vaughn that due to the Defendant's guilty plea, 18 U.S.C. § 3143(a)(2) applies. Accordingly, detention is required unless (1) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted (18 U.S.C. § 3143(a)(2)(A)(i)), or the Government has recommended a sentence of no imprisonment (18 U.S.C. § 3143(a)(2)(A)(ii)), and (2) the Court finds by clear and convincing evidence that the defendant will not flee or pose a danger to the community (18 U.S.C. § 3143(a)(2)(B)).

Based on the record, the Court agrees with the Government that detention is required. Even if detention were not required, the factors normally considered would weigh against release given the Defendant's repeated violations of conditions and lack of candor.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Sergio Reyes Pina's Motion for Revocation of Detention Order, Dkt. #386, is DENIED.

DATED this 27th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER – 4